Filed 5/28/24  In re S.D. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re S.D., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>S.D.,<br><br>    Defendant and Appellant. | E082640<br><br>(Super.Ct.No. J280691)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County. Rasheed Alexander, Judge.  Affirmed.

Steven A. Torres, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**STATEMENT OF THE CASE**

On April 22, 2022, a Welfare and Institutions Code section 602 petition was filed in the Los Angeles juvenile court (First Petition). It alleged that S.D. (Minor) had committed grand theft under Penal Code section 487, subdivision (a).

While the First Petition was pending, on August 3, 2022, a Welfare and Institutions Code section 602 petition was filed in San Bernardino juvenile court (Second Petition). It alleged that Minor had committed second degree commercial burglary under Penal Code section 459.

On October 20, 2022, the juvenile court found the First Petition true. The court declared the offense to be a felony and the maximum term of confinement to be two years. The court then transferred the case to the San Bernardino juvenile court for disposition.

On October 24, 2022, Minor filed a notice of appeal from the adjudication/disposition order.

On November 28, 2022, the San Bernardino juvenile court accepted the transfer of the First Petition from the Los Angeles juvenile court.

On January 23, 2023, the allegation on the Second Petition was reduced to a misdemeanor. As amended, Minor admitted the violation. Thereafter, as to both the First and Second Petitions, the juvenile court placed Minor on probation under specified terms and conditions at her home. One of the terms of probation was for Minor to pay restitution to Ulta Beauty. Minor did not file a notice of appeal from this adjudication/disposition hearing.

2

On July 24, 2023, the juvenile court ordered early termination of probation and the sealing of all relevant petitions.

## STATEMENT OF FACTS[1]

On March 3, 2022, Edgar Avila, an organized retail crime investigator, watched a video from a Marshalls store in Canoga Park, California. In the video, Avila watched a footage of Minor selecting and concealing men's clothing, then exiting the store without purchasing the clothing. Avila had previously interacted with Minor.

On the same day, about 30 minutes later, Avila saw another video of Minor entering a TJ Maxx store on Fallbrook Avenue in West Hills, California. Minor proceeded to select and conceal men's clothing. As before, Minor then exited the store without paying for the items. Avila also observed another person concealing men's clothing at the same time as Minor.

Elvis Betancourt worked as a loss prevention officer at a TJ Maxx store in Tarzana, California. On March 3, 2022, Betancourt saw Minor take men's clothing and leave the store without paying for the items. Betancourt followed Minor outside and told her to "to drop the merchandise." At this point, Minor ran to a vehicle and tried to enter the vehicle; Minor was "with another female" and police was nearby. As Minor and the other female tried "to enter the vehicle, the police officers heard us try to communicate with the two individuals, and had them lay on the floor to try to figure out what was going on." Police detained Minor and the other female.

---

[1] Minor has appealed from the adjudication in the First Petition only. Therefore, the facts will be limited to those relating to the First Petition.

3

After Betancourt told the police officers that Minor had taken merchandise without paying for them, the officers opened the vehicle's trunk. Inside the trunk were various items from TJ Maxx stores on Fallbrook Avenue in West Hills and Tarzana, and the Marshalls store. The total items from the Fallbrook TJ Maxx was $1033.04, the Tarzana TJ Maxx was $1854.07, and Marshalls was $1075.

Betancourt testified that the other person detained with Minor had entered and exited the store with Minor. Betancourt, however, did not know what each person took individually from the three stores.

## DISCUSSION

After Minor appealed, and upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) setting forth a statement of the case, a summary of the facts, and potential arguable issues, and has requested this court to undertake a review of the entire record. Pursuant to *Anders*, counsel identified the following issues to assist the court in its search of the record for error:

    a. "Was it proper for Officer Avila to testify as to what he viewed in a video that was not offered in court? Was it proper to offer photos from the video as evidence of [Minor's] involvement in the crime?"

    b. "Was it proper to add in sales tax when determining whether [Minor] exceeded the $950 threshold for grand theft?"

c. "Should [Minor] have been jointly liable for all the items stolen from the three stores or just those that she stole?  In other words, was it proven that she was acting in concert with the other woman arrested?"

d. "Did the order sealing [Minor's] juvenile petitions adequately order all information sealed in Los Angeles County?"

After counsel filed a brief under *Wende*, we offered Minor an opportunity to file a personal supplemental brief, and she has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error.  We are satisfied that Minor's counsel has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Id.* at p. 126; *Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

**DISPOSITION**

The adjudication/disposition order of October 20, 2022, is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                        Acting P. J.

We concur:

RAPHAEL
                        J.
MENETREZ
                        J.

5